No.: 22-2009

Paul R. Hansmeier,

Appellant,

v.

HRP Woodbury I, LLC, Store Master Funding VII, LLC
and Merrick Garland,

Appellees.

# STORE MASTER FUNDING VII, LLC'S OPPOSITION TO MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

## INTRODUCTION

Appellee STORE Master Funding VII, LLC ("STORE") submits this brief memorandum in opposition ("Opposition") to Appellant Paul Hansmeier's ("Hansmeier") Motion for Leave to Proceed in Forma Pauperis ("Motion"). For the reasons stated herein, the Court should deny the Motion, decline to set a briefing schedule, dismiss the appeal and summarily affirm the district court's order under Local Rule 47A.

# ARGUMENT

STORE submits that there are three (3) straightforward reasons why this Court should deny Hansmeier's Motion and summarily affirm the District Court's Order. First, very recently, this Court *sua sponte* summarily affirmed the District Court's Order against Hansmeier in a nearly identical case that Hansmeier attempted to appeal. *See Hansmeier v. Tobies Enterprises, Inc., et al*, 22-2009 (declining to set a briefing schedule and summarily affirming the district court under Local Rule 47A.) In that case, Hansmeier even paid the filing fee without applying to proceeding in forma pauperis ("IFP").

Second, Hansmeier has failed to follow the requirements of Form 4[1] of the Federal Rules of Appellate Procedure which require that a movant applying for IFP status to not only submit a detailed affidavit regarding his or her financial status, but also a bevy of personal and financial information that Hansmeier has chosen not to provide to this Court. Here, the only information that Hansmeier provided was a brief affidavit that attests to the average daily balance of his prison trust account as of May 2022. That information does not come close to meeting the requirements for Form 4 and is reason alone to deny the Motion.

---

[1] https://uscode.house.gov/view.xhtml?req=granuleid:USC-prelim-title28a-node6-node77-form4&num=0&edition=prelim

Third, and finally, Judge Tostrud, along with Chief Judge Tunheim and Judge Brasel have repeatedly rejected Hansmeier's attempts to continue these types of frivolous lawsuits in the United States District Court for the District of Minnesota and have imposed (or enforced) various filing restrictions against Hansmeier to prevent this type of baseless litigation from going forward.

On March 11, 2022, in a lengthy order[2] which STORE will not repeat here, Chief Judge Tunheim prohibited Hansmeier from filing the exact type of lawsuit that is at issue on this appeal. Specifically, Chief Judge Tunheim stated that,

> In the event that Hansmeier initiates in the United States District Court for the District of Minnesota without express prior written permission from the Chief Judge of the District of Minnesota any copyright infringement action or private enforcement action under the ADA against the U.S. Attorney General…the Clerk is directed to immediately close the case and the Court will dismiss it without prejudice. Furthermore, any action removed to the District of Minnesota that meets the description above is also subject to immediate closure by the Clerk and dismissal without prejudice by the Court.

*Hansmeier v. MacLaughlin¸*0:21-cv-01167-JRT-LIB, Doc. 57.

In this case, Judge Tostrud has already dismissed Hansmeier's Complaint (and Hansmeier's multiple applications for IFP status on appeal) noting that Hansmeier was previously prohibited from filing "any new lawsuits and any pleadings or other papers in the District of Minnesota concerning any…private enforcement action

---

[2] *Hansmeier v. MacLaughlin*, 0:21-cv-01167-JRT-LIB, Doc. 57.

3

under the ADA against the U.S. Attorney General…unless he obtains prior written approval from the Chief Judge of the District of Minnesota." (Doc. 7 at 1.)

Like this Court and Chief Judge Tunheim, in *Tobies*, Judge Brasel also dismissed another of Hansmeier's ADA complaints. Judge Brasel found that "Court of this District have repeatedly rejected these [Hansmeier's] claims, or near variations on these claims, as non-meritorious, frivolous, malicious, precluded by Hansmeier's prior litigation, or a combination of all of these." *Hansmeier v. Tobies Enterprises, Inc., et al*, 0:22-cv-00932-NEB-LIB, Doc. 4 at 3. Judge Brasel noted that "Hansmeier has found a path around many of the PLRA's provisions by filing his lawsuits in state court rather than federal court, then waiting for the case's inevitable removal." (*Id*.)

Finding that Hansmeier's lawsuit was frivolous, Judge Brasel found that: (1) Hansmeier lacked standing to pursue claims for disability discrimination under the ADA and the Minnesota Human Rights Act; (2) much of Hansmeier's pleading amounts to an indirect attack on the validity of his conviction and sentence; and (3) Hansmeier's complaint improperly alleges retaliation claims. (*Id*. at 5-8.)

Because Hansmeier's litigation abuses were so egregious, Judge Brasel imposed <u>additional</u> filing restrictions on Hansmeier, namely that "any action filed by Hansmeier in state court and thereafter removed to this District will be

4

automatically stayed while that action undergoes reviewed under the PLRA." (*Id.* at 9.)

Chief Judge Tunheim, Judge Tostrud and Judge Brasel all found that Hansmeier's filings and litigation tactics were meritless and worth of immediate dismissal. This Court should follow the same course, deny this Motion and dismiss this appeal by summarily affirming the District Court under Local Rule 47A.

## **CONCLUSION**

For the brief reasons stated herein, this Court should deny Hansmeier's Motion, dismiss his appeal and summarily affirm the District Court's judgment in the same manner as the Court in *Hansmeier v. Tobies Enterprises, Inc., et al*, 22-2009, recently did.

Dated:  July 29, 2022                                        **KUTAK ROCK LLP**

By:  */s/Andrew R. Shedlock*
Andrew R. Shedlock (#0395655)
60 South Sixth Street
Suite 3400
Minneapolis, MN 55402
612-334-5022
Andrew.Shedlock@kutakrock.com

***ATTORNEY FOR DEFENDANT STORE MASTER FUNDING VII, LLC***

5