COMMITTED NAME: Paul Hansmeier
REG. NO. & QTRS.: 20953-041 Unit F
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1000
SANDSTONE, MN 55072

SAINT PAUL MN 550
9 AUG 2022 PM 6

X-RAYED BY USMS

⇔20953-041⇔
Clerk Of Court
Suite 500
316 N Robert ST
Court of Appeals
Saint PAUL, MN 55101
United States

RECEIVED
AUG 11 2022
U.S. Court of Appeals
Eighth Circuit - St. Paul, MN

55101-146125

Appellate Case: 22-2009    Page: 1    Date Filed: 08/11/2022 Entry ID: 5186736

UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

No. 22-2009

Paul R. Hansmeier,
    Plaintiff-Appellant,

v.

HRP Woodbury II, LLC, et al.,
    Defendant-Appellees.

---

Reply in Support of Motion to Proceed in Forma Pauperis

---

Dated: August 4, 2022

Paul R. Hansmeier
20953-041 Unit F
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN 55072

RECEIVED
AUG 11 2022
U.S. Court of Appeals
Eighth Circuit - St. Paul, MN

Store Master Funding VII, LLC's opposition fails to identify a valid reason why Hansmeier should be prohibited from proceeding in forma pauperis in this appeal. As an initial matter, Hansmeier would note that he is not seeking to avoid paying the appellate filing fee; rather, he is merely asking that he be allowed to pay the appellate filing fee over time from deposits made into his prison trust account. This fact alone warrants a liberal review of Hansmeier's motion. Nevertheless, Store Master Funding opposes Hansmeier's motion for failing to "follow the requirements of Form 4"; because Hansmeier's appeal in Hansmeier v. Tobies Enterprises, Inc. et al., was summarily affirmed; and because Judges Tunheim, Brasel and Tostrud have issued adverse rulings against Hansmeier. None of these arguments have merit.

I. Hansmeier has established an inability to pay the appellate filing fee.

A prisoner seeking to appeal a judgment without prepaying the appellate filing fee must submit an affidavit of assets, a statement of inability to

prepay and a statement of the issues on which the prisoner believes he is entitled to redress. In addition, the prisoner must attach a copy of his prison trust account.*

Hansmeier's motion does all of this. Hansmeier's motion contains a statement under the penalty of perjury containing the required elements and a copy of Hansmeier's prison trust account. Hansmeier has met all of the formal requirements of proceeding without prepayment of the appellate filing fee.

 Store Master Funding does not claim that Hansmeier has the funds to prepay the appellate filing fee. Instead, it faults Hansmeier for not completing Form 4 of the Federal Rules of Appellate Procedure — though, except for providing an Internet link (which Hansmeier cannot access), Store Master Funding does not explain what Form 4 is, why it is required or how it would assist the Court's decision. Hansmeier is subject to a ~$1.5 million restitution judgment that leaves him with a substantially negative net

*28 U.S.C. §1915;

worth. Thus, to the extent Hansmeier has assets, they are encumbered by the lien created by the restitution judgment. For example, Hansmeier won $75,000 in a civil suit; that money was applied to his restitution judgment. Whatever Store Master Funding believes Form 4 would provide, nothing can change the fact of Hansmeier's substantially negative net worth.

Store Master Funding's first argument fails because Hansmeier has strictly or substantially met his burden of showing an inability to prepay the appellate filing fee.

II. The panel's summary affirmance in Hansmeier v. Tobies Enterprises, Inc. is not a reason to deny Hansmeier leave to proceed in forma pauperis

The fact that this appeal may be subject to a summary affirmance is not a reason to deny Hansmeier leave to proceed without prepayment of the appellate filing fee. A review of this Court's orders reveals that IFP applicants regularly receive leave to proceed without prepaying the filing fee only to have

their appeal summarily affirmed.

To the extent that Store Master Funding's opposition is in substance a motion for summary affirmance, then Store Master Funding's request should be denied. A full discussion of the merits of Hansmeier's arguments in this appeal is beyond the scope of this reply, though one example readily shows that affirmance is not an appropriate disposition of this appeal. Hansmeier's claims were brought in Hennepin County District Court and the defendants removed. After removal, the district court determined that Hansmeier lacked standing to bring claims against Store Master Funding. Instead of remanding, the district court dismissed the claims. In doing so, the district court violated this Court's holdings in Hughes v. City of Cedar Rapids, 840 F.3d 987 (8th Cir. 2016) and St. Louis Heart Center v. Nomax, Inc., 899 F.3d 500 (8th Cir. 2018) — which both hold that claims that were removed must be remanded if a plaintiff is found to lack standing.

Hughes, Nomax, the cases cited therein and the statute they interpret — 28 U.S.C. § 1447(c) — required the district court to remand Hansmeier's claims against Store Master Funding. The district court's failure to do so is a bright line error that mandates reversal. The other issues with the district court's order are beyond the scope of this reply.

III. The adverse rulings of Judges Tunheim, Brasel and Tostrud are not a valid reason to deny Hansmeier's motion.

Store Master Funding's opposition focuses most heavily on adverse rulings Hansmeier has received from Judges Tunheim, Brasel and Tostrud. This appeal only concerns Judge Tostrud's order, so Judge Tunheim's and Brasel's orders will not be addressed here. While it is true that Judge Tostrud called Hansmeier's claims frivolous, it is also true that Judge Tostrud provided no analysis to support his statement. There is nothing inherently frivolous about challenging a statute that

burdens petitioning activity. Nor is there anything frivolous about demanding a public accommodation install accessible parking spaces. The only unique feature of this litigation is that it is being brought by a federal prisoner — though it is unfair to reach any conclusions about this aspect of the litigation without at least allowing Hansmeier to be heard — something that Judge Tostrud refused to do.

Notably, Store Master Funding provides zero defense of the issues presented in Hansmeier's motion.

## IV. Conclusion.

The Court should grant Hansmeier's motion.

August 4, 2022

Paul Hansmeier
20953-041 Unit F
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN 55072